IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TYR WOOD PRODUCTS, INC.**
**an Oregon corporation,**

Plaintiff,

**CHRISTOPHER G. PENMAN, an**
**individual; and, MEDEINA LUMBER**
**LLC, an Oregon limited liability company,**

Defendants.

No. 3:16-cv-01909-MO

ORDER ON PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER

**MOSMAN, J.,**

The Court held a hearing on Plaintiff's Motion for Temporary Restraining Order on

September 30, 2016. Based on the parties' submissions and arguments, the Court finds and rules

as follows:

1.   There is a substantial likelihood that Plaintiff will succeed on the merits of its claims

against Defendants. These claims include claims against Defendants for violations of the Defend

Trade Secrets Act (18 U.S.C. § 1832), Oregon's Uniform Trade Secrets Act (ORS § 656.461),

and conversion. They also include claims against Christopher G. Penman ("Penman") for breach

of his Non-Competition, Non-Solicitation, and Non-Disclosure Agreement (the "Agreement")

and Medeina Lumber LLC ("Medeina") for intentional interference with the Agreement;

2.   Plaintiff will likely suffer irreparable harm unless the Court enters a temporary

1 – ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

restraining order;

    3.  The irreparable harm to Plaintiff outweighs any injury Defendants will suffer as a result of the temporary restraining order; and

    4.  A temporary restraining order is in the public interest under the circumstances presented here.

    Therefore, the Court GRANTS Plaintiff's Motion for Temporary Restraining Order IN PART and hereby ORDERS:

    1.  Defendants to return Plaintiff's customer information, customer lists, supplier information, supplier lists, financial information (including pricing information and customer offers), scripts, grid forms, and copies of such information whether they be in hard-copy or electronic format. This includes the documents Penman took from Plaintiff's office on September 3, 2016 and the Google Sheets program he created while working for Plaintiff.

    2.  Defendants not to use or disclose any of the documents or materials, whether in hard-copy or electronic format, from paragraph 1 or any information derived from such materials.

    3.  Penman not to directly or indirectly, on his own behalf or on the behalf of another person or entity:

        a.  Solicit any employee of Plaintiff to become an employee, independent contractor, or consultant of Penman or any other person or entity;

        b.  Suggest to any employee of Plaintiff that the employee should reduce or terminate the employee's relationship with Plaintiff;

        c.  Advise or recommend to any other person or entity that such other person or entity employ, utilize the services of, or solicit any person who is then an employee of Plaintiff;

    d.   Solicit any Business Relation to become a customer or supplier of wood and agricultural products for Penman or any other person or entity;

    e.   Suggest to a Business Relation that the Business Relation should reduce or terminate its business or relationship with Plaintiff or refrain from entering a business relationship with Plaintiff; or

    f.   Transact competitive business with a Business Relationship of Plaintiff.

    g.   The term "Business Relation" means any customer or supplier that Penman conducted business with on behalf of Plaintiff at any time during Penman's employment with Plaintiff, and any potential customer or supplier that Penman pursued on behalf of Plaintiff during his employment with Plaintiff.

4.  Defendants to appear on November 7, 2016 in Room 1615 of the United States District Courthouse, 1000 S.W. Third Avenue, Portland, Oregon, at 11:00 a.m. to explain why the Court should not enter a preliminary injunction, which would make the above restrictions on Defendants continue beyond November 7, 2016. Alternatively, Defendants may consent to transfer this temporary restraining order to a preliminary injunction, at which point the hearing will be stricken.

//

//

//

//

//

Finally, it appears this matter could have readily been resolved without litigation. As such, the Court does not award Plaintiff any attorney fees for filing the Motion for Temporary Restraining Order or preparing for the hearing on that motion.

IT IS SO ORDERED, this ___6___ day of October, 2016.

MICHAEL W. MOSMAN
Chief United States District Judge